In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-4431

YUAN GAO,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent*.

———————

Petition to Review an Order of the
Board of Immigration Appeals.
No. A75 688 812

———————

ARGUED DECEMBER 11, 2007—DECIDED MARCH 11, 2008

———————

Before POSNER, WOOD, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*.  This proceeding to review the denial of asylum has a tangled history unnecessary to recount. The only issue we need resolve is whether the Board of Immigration Appeals erred in dismissing, as untimely, the petitioner's appeal from the immigration judge's denial of his motion to reopen the asylum proceeding. He had 90 days to move to reopen, 8 C.F.R. § 1003.23(b)(1), but did not file his motion until the 106th day. He argues that his delay should be excused because he did not discover that he had a basis for reopening

until he met with a new lawyer and learned that his previous lawyer had given him ineffective legal assistance, and it was not until a month after the 90-day clock started to run that he knew he had a claim for relief. He argues that the 90-day clock should have started to run then, and not earlier when the order of the immigration judge that he sought to reopen was entered.

The government concedes that the 90-day deadline is not rigid—that it can, as we have held, be extended in appropriate circumstances by appeal to the doctrine of equitable tolling. *Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005); see, e.g., *Ghahremani v. Gonzales*, 498 F.3d 993, 999-1000 (9th Cir. 2007); *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007); *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005). The doctrine creates a defense to statutes of limitations and other nonjurisdictional filing deadlines for cases in which, despite due diligence, the plaintiff cannot sue within the statutory deadline, usually because he can't discover within that time that he has suffered an injury upon which a suit could be based or, if he knows that much, yet he does not know and cannot by due diligence discover who his injurer was. E.g., *Farzana K. v. Indiana Dep't of Education*, 473 F.3d 703, 705 (7th Cir. 2007); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-53 (7th Cir. 1990); *Luntungan v. Attorney General*, 449 F.3d 551, 557 (3d Cir. 2006).

Equitable tolling will rarely be available when a claimant can obtain an extension of time for complying with a deadline. (Surprisingly, we can find no case that addresses this point.) Obviously in the usual statute of limitations setting he cannot obtain an extension of time—he can go to the defendant and ask the defendant to

waive the statute of limitations, but he cannot force him to do so or ask the court to force him. That is not the case with a court-imposed filing deadline subject to extensions unless the claimant is somehow prevented, by circumstances that would qualify as grounds for equitable tolling, from filing for one.

Asked at argument why he had failed to ask for an extension, the petitioner's lawyer answered haplessly that he had not done so because he thought he had a good defense of equitable tolling. That is a bad reason, but we hesitate to place decision on the ground of his having failed for no good reason to ask for an extension. For it is unclear whether the immigration judge could have given him one; and, if not, his only recourse may indeed have been to plead equitable tolling.

The statute says that "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," 8 U.S.C. § 1229a(c)(7)(C)(i), and the implementing regulation that "a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.23(b)(1). Another subsection of this regulation, § 1003.23(b)(1)(iv), provides that the immigration judge may "set and extend time limits for replies to motions to reopen," but there is no provision authorizing an extension of the deadline for filing the motion to reopen itself. Still another subsection, this one captioned "pre-decision motions," provides that an "Immigration Judge may set and extend time limits" for pre-decision motions and replies to such motions. § 1003.23(a). But a motion to reopen is of course a post-decision motion. Section 1003.31(c) provides that "the

Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time *set by the Immigration Judge*, the opportunity to file that application or document shall be deemed waived" (emphasis added). In other words, the immigration judge may extend the deadlines that *he* sets, as in *Hussain v. Gonzales*, 424 F.3d 622, 626 (7th Cir. 2005), and *Singh v. Gonzales*, 495 F.3d 553, 559 n. 2 (8th Cir. 2007). We have found no case that suggests that this provision authorizes the immigration judge to extend a statutory deadline.

The 90-day deadline cannot be jurisdictional, for then it could not be tolled. But a litigant cannot be heard to complain about a judicial officer's failure to do an unauthorized act, even if the act would not be considered outside his jurisdiction in the sense that it would have to be ignored even if no party complained about it.

Rather than wrestle with the question of the immigration judge's authority to extend the 90-day deadline—a question the parties have not briefed—we move to an alternative ground for denying equitable tolling, which is that the doctrine does not reset the clock. *Gaiman v. McFarlane*, 360 F.3d 644, 656 (7th Cir. 2004); *Hentosh v. Herman M. Finch University of Health Sciences*, 167 F.3d 1170, 1175 (7th Cir. 1999); *Cada v. Baxter Healthcare Corp.*, *supra*, 920 F.2d at 452-53; *Amini v. Oberlin College*, 259 F.3d 493, 501-02 (6th Cir. 2001); *Dring v. McDonnell Douglas Corporation*, 58 F.3d 1323, 1331 (8th Cir. 1995); contra, *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155-56 (11th Cir. 2005); *Socop-Gonzales v. INS*, 272 F.3d 1176, 1195 (9th Cir. 2001) (en banc). So if there is a 10-year statute of limitations for a suit on a written contract, and the plain-

tiff has grounds for equitable tolling of that limitation, this doesn't mean he gets another 10 years to sue. Indeed, we have held that a litigant who learns, or had he been diligent would have learned, all the facts that he would need in order to be able to file his claim, while time remains in the limitations period, must file it *before* the period ends. *Cada v. Baxter Healthcare Corp., supra*, 920 F.2d at 453; *Brademas v. Indiana Housing Finance Authority*, 354 F.3d 681, 687 (7th Cir. 2004). The defendant should not be left on tenterhooks for 20 years if the plaintiff could readily have sued in the eleventh year or even earlier.

The Board of Immigration Appeals has not adopted its own position on the question of resetting the clock—a question on which there is a disagreement among the circuits, as our citations showed, though our position that the doctrine does not reset the clock is the majority position. (The petitioner assumes rather than argues resetting; the Justice Department ignores the issue in its brief.) Rather, the Board has followed whatever approach to equitable tolling is taken by the court of appeals in which a petition to review its order will be filed. E.g., *In re Guitierrez*, 2007 WL 4699960 (BIA Dec. 12, 2007); *In re Reyes-Diaz*, 2007 WL 4699882 (BIA Nov. 8, 2007); *In re Gordon*, 2007 WL 3301744 (BIA Sept. 26, 2007); *In re Khan*, 2007 WL 2074553 (BIA June 15, 2007). And in this circuit, equitable tolling does not reset the clock.

The petition was filed on the 106th day, which was the 75th or 76th day after the petitioner discovered that he had a ground for filing a petition to reopen. The preparation of such a petition does not require an elaborate investigation. All that is required is that the petitioner submit an affidavit explaining (1)(a) what his former counsel was hired to do and (b) how he failed,

(2) affirming that the petitioner has notified the former counsel of his allegations of ineffective assistance and given counsel an opportunity to respond, (3) attaching the lawyer's response, if any, and (4) indicating whether the petitioner has filed his complaint about his former counsel with the appropriate disciplinary authorities. *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988); see also *Patel v. Gonzales*, 496 F.3d 829, 830 (7th Cir. 2007); *Benslimane v. Gonzales*, 430 F.3d 828, 831 (7th Cir. 2005); *Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007). Obtaining the necessary information should not take two and a half months—at least not normally; and the petitioner has failed to point to any circumstances that made this the abnormal case in which a diligent attempt to comply with the 90-day deadline would have failed, in which event an appeal to equitable tolling would lie.

An oddity about the case remains to be noted. The Board of Immigration Appeals affirmed the denial of the petition to reopen on several grounds besides its untimeliness. In his brief in this court, and at argument, the petitioner's lawyer argued vigorously that the petition was saved by equitable tolling. The government ignored the point in its brief. We cannot, however, treat that as a waiver or forfeiture. An appellee (or, the equivalent, the respondent in an appeal from an administrative agency) is not required to file a brief. Fed. R. App. P. 31(c); *Pasha v. Gonzales*, 433 F.3d 530, 535 (7th Cir. 2005); *Allgeier v. United States*, 909 F.2d 869, 871 n. 3 (6th Cir. 1990). If he doesn't, he weakens his chances for an affirmance, of course, *Pasha v. Gonzales, supra*, 433 F.3d at 535; *In re Talbert*, 344 F.3d 555, 557 (6th Cir. 2003); *Casco Indemnity Co. v. Rhode Island Interlocal Risk Management Trust*, 113 F.3d 2, 3-4 (1st Cir. 1997), but that is all. So while the

government's litigating strategy in this case is puzzling, it does not foreclose our denying the petition for review on the ground that the government chose not to mention.

DENIED.