NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 26, 2008[*]
Decided March 31, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2610

| | |
|---|---|
| NATALIA KOUTCHER and OLEXANDER KOUTCHER, *Petitioners*, | Petition to Review an Order of the Board of Immigration Appeals. |
| *v.* | Nos. A73-428-841 & 842 |
| MICHAEL B. MUKASEY, Attorney General of the United States, *Respondent*. | |

### O R D E R

Olexander and Natalia Koutcher applied for asylum in 1996 after they and their daughter—all citizens of Ukraine—arrived in the United States on visitor visas.  The Koutchers claimed that they had been persecuted in Ukraine because they are Jewish, and likely would be killed if they returned.  An immigration judge ("IJ") denied their application, and the Board of Immigration Appeals ("BIA") upheld that decision.  Almost

---

[*] We grant the petitioners' unopposed motion to waive oral argument.  Thus their petition is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(f).

two years later the Koutchers filed a motion with the BIA to reopen the proceedings, claiming that the attorney who represented them at the removal hearing rendered ineffective assistance of counsel. The BIA denied the motion as untimely. Because the BIA did not abuse its discretion in denying the motion to reopen, we deny the petition for review.

In April 1998 the Koutchers hired attorney David Butbul to represent them during the removal proceedings. After a series of continuances, the removal hearing was conducted in July 2003. At the hearing Butbul told the IJ that there was no need for the Koutchers to give extensive testimony because their asylum application was elaborate and well-supported by documentation. The IJ agreed, and asked the Koutchers only a short series of questions to confirm that they stood by the statements in the asylum application. The IJ also gave them a chance to add to or change anything in their written statements, but they declined.

In September 2003 the IJ issued a written decision in which she credited the Koutchers' accounts of being harassed and attacked by an ultra-nationalist group called the Ukranian People's Self-Defense Organization ("UNSO"). Specifically, the IJ noted that UNSO members had demanded that the Koutchers close their small business and had sent them threatening letters filled with epithets deriding their Jewish nationality. When the Koutchers refused to shut down their business, UNSO members confronted Natalia as she was leaving her office and beat her, bruising her face. Not long after, UNSO members severely beat Olexander and he fled to the United States. After Olexander's departure UNSO members told Natalia that if she did not leave, they would harm her daughter. Natalia and her daughter went into hiding, and then fled to join Olexander in the United States.

Although the IJ concluded that the threats and attacks the Koutchers described "may rise to the level of persecution," she stated that the Koutchers had not shown that the government was unwilling or unable to protect them. The IJ also noted that recent country reports for Ukraine showed that there had been an increase in government action against anti-Semitism and a resurgence in Jewish religious and cultural institutions. The IJ further observed that the country reports showed that anti-Semitism is generally confined to western Ukraine, and so the Koutchers could relocate to avoid persecution. Accordingly, the IJ denied the asylum application.

The Koutchers' appeal to the BIA was affirmed in January 2005. Four months later the Koutchers hired a new attorney, Y. Judd Azulay, to seek further review in this court. Azulay filed a petition for review, but later dismissed it voluntarily after he and the Koutchers decided that their better option was to file a motion to reopen in the BIA based

on what the Koutchers perceived to be deficient performance by Butbul. Then in July 2006, before Azulay filed the motion, the Koutchers received notice that their removal was imminent. That notice prompted them to hire their current attorney, Brent Newcomb, to file the motion to reopen. After taking the procedural steps required by *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), Newcomb filed with the BIA in October 2006 a motion to reopen claiming that Butbul had deprived the Koutchers of the opportunity to present "substantive testimony" during their removal hearing. Newcomb did not say what other information the Koutchers would have added to their asylum application had they testified at greater length.

The BIA determined that the motion to reopen was untimely, and found that equitable tolling of the deadline was unwarranted. The BIA also concluded that the Koutchers could not prevail on the merits of their ineffective-assistance claim because they had not shown that they were prejudiced by Butbul's performance. In particular, the BIA noted that the Koutchers had not identified any evidence omitted by attorney Butbul that would have refuted the IJ's finding that they could safely relocate within Ukraine.

In their petition for review the Koutchers argue that the BIA abused its discretion in refusing to apply the doctrine of equitable tolling to their untimely motion. A motion to reopen based on ineffective assistance of counsel must be filed within 90 days of a final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This is not a jurisdictional limitation, so the BIA might have excused their tardiness if the Koutchers—despite exercising due diligence—could not have discovered within the filing deadline essential information for their claim. *See Gao v. Mukasey*, No. 06-4431, 2008 WL 638061, at *1 (7th Cir. March 11, 2008); *Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005). The Koutchers claim that they were injured by Butbul's performance at the 2003 removal hearing, but they did not file their motion to reopen until October 2006. The latest they could have discovered that injury was January 24, 2005—the day that the BIA dismissed their appeal. Thus equitable tolling could not help them; they discovered the injury the same day that the 90-day filing period began to run. And they cannot blame Azulay's foot-dragging for their late filing—by the time they hired Azulay in May 2005, the 90-day period had already run out.

In any event, the BIA did not abuse its discretion in concluding that the Koutchers had not shown—as they must, *see In re Assad*, 23 I. & N. Dec. 553, 562 (BIA 2003)—that they were prejudiced by Butbul's decision to limit their testimony at the removal hearing. As the BIA pointed out, the IJ believed the Koutchers' story of persecution, but found that they could avoid future persecution by relocating within Ukraine. To establish that they were prejudiced by Butbul's decision to limit their testimony, it would have been necessary for the Koutchers to show that the excluded "testimony would have added something that was

otherwise missing from the record," such as facts contradicting the IJ's belief that they could safely relocate within Ukraine. *See Hamid v. Gonzales*, 417 F.3d 642, 646 (7th Cir. 2005). But nowhere in their motion to reopen or in their brief to this court have the Koutchers described any specific evidence that Butbul prevented them from presenting at the removal hearing, let alone evidence that would have contradicted the IJ's finding. Accordingly, the petition for review is DENIED.