# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1126

SAMUEL B. JOHNSON,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A91-405-136

SUBMITTED AUGUST 21, 2008—DECIDED OCTOBER 1, 2008

Before POSNER, ROVNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. The petitioner, originally a lawful permanent resident of the United States, was ordered removed because of a drug conviction. That was in 1996. In 2006, the order not having been executed (as is common, because of the limited resources of the immigration authorities, in cases in which the illegal alien is not a criminal), he was still in the United States and he filed a motion both to reopen the removal proceeding and to

reconsider the order of removal. A motion to reopen presents new facts bearing on the decision to remove the alien, while a motion to reconsider points to errors in that decision. 8 C.F.R. § 1003.2(c)(1) (motion to reopen must "state the new facts that will be proven"); 8 C.F.R. § 1003.2(b)(1) (motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision"); *Mungongo v. Gonzales*, 479 F.3d 531, 534 (7th Cir. 2007); *Patel v. Gonzales*, 442 F.3d 1011, 1015-16 (7th Cir. 2006); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

The Board of Immigration Appeals denied the alien's motion and a similar motion that he filed the following year. He then filed a third motion to reopen and reconsider, but this one was addressed not to the order of removal but to the denial of his second motion. The Board denied the third motion as untimely because filed six weeks after the deadline for filing it, and he has petitioned us to set aside the denial. Because (as we shall see) he does not present a question of law or a colorable constitutional claim, the denial of his motion, so far as it seeks reopening, is outside our jurisdiction to review. *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008). But we have not had occasion to consider whether the discretionary denial of a motion to reconsider is similarly outside our jurisdiction.

The Immigration and Nationality Act provides, with an immaterial exception, that no court has jurisdiction to review an immigration ruling by either the Attorney General or the Secretary of Homeland Security "the

authority for which is specified under this subchapter to be in the discretion of [either of those officials]." 8 U.S.C. § 1252(a)(2)(B)(ii). We held in *Ali v. Gonzales*, 502 F.3d 659 (7th Cir. 2007), and repeated in *Kucana*, that the statute applies to discretionary decisions authorized by regulations that are based on and implement the Immigration and Nationality Act, as well as by the Act itself. The regulation that we cited in *Kucana* as satisfying these requirements, 8 C.F.R. § 1003.2(a), applies both to motions to reopen and to motions to reconsider. So far as the discretionary character of rulings on such motions is concerned, 8 C.F.R. § 1003.2(a) provides that the Board of Immigration Appeals' "decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section." See, e.g., *Gaberov v. Mukasey*, 516 F.3d 590, 594 (7th Cir. 2008); *Vasquez-Salazar v. Mukasey*, 514 F.3d 643, 645 (6th Cir. 2008) (per curiam); *Mungongo v. Gonzales*, *supra*, 479 F.3d at 534; *Lenis v. Attorney General*, 525 F.3d 1291, 1294 (11th Cir. 2008).

But an error of law, or denial of a constitutional right, committed in the course of denying a motion to reopen is judicially reviewable, and likewise such an error or denial committed in the course of denying a motion to reconsider. See 8 U.S.C. § 1252(a)(2)(D) (both exceptions); *Iglesias v. Mukasey*, No. 07-2910, 2008 WL 3877302, at *2 (7th Cir. Aug. 22, 2008) (motion to reopen); *Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008) (same); *Fadiga v. Attorney General*, 488 F.3d 142, 153-54 (3d Cir. 2007) (same); *Atunnise v. Mukasey*, 523 F.3d 830, 836-37 (7th Cir. 2008) (motion to reconsider); *Wu v. INS*, 436 F.3d 157, 164 (2d Cir.

2006) (same); *Oh v. Gonzales*, 406 F.3d 611, 613-14 (9th Cir. 2005) (same). So if the Board denied a motion to reconsider because it thought the deadline was 10 days rather than 30 days, 8 C.F.R. § 1003.2(b)(2), we would have jurisdiction to vacate the Board's denial. But this is not such a case.

The 30-day deadline expired, as we said, six weeks before the petitioner filed his motion. He argues that the Board should have equitably tolled the deadline, as it indeed had the power to do. *Gao v. Mukasey*, 519 F.3d 376, 377 (7th Cir. 2008); *Gaberov v. Mukasey*, 516 F.3d 590, 594 (7th Cir. 2008); *Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 845 (9th Cir. 2006); see *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005); *In re Calderon Gutierrez*, A91 534 876, 2008 WL 3861940 (BIA July 9, 2008); *In re Uche*, A72 309 946, 2008 WL 2938454 (BIA July 2, 2008); *In re Maknojiya*, A78 567 316, 2005 WL 3709280 (BIA Dec. 28, 2005); *In re Medina-Herrera*, A29 331 428, 2005 WL 698554 (BIA Feb. 10, 2005). But a plea to allow an untimely filing requires the tribunal to which the plea is addressed to weigh intangibles of delay (here, as a practical matter, eleven years, since the goal of the alien's repeated motions to reopen and reconsider is to quash the removal order), reliance, diligence, excuse, and prejudice. *Gao v. Mukasey*, *supra*, 519 F.3d at 377; *Gaberov v. Mukasey*, *supra*, 516 F.3d at 594; *Pervaiz v. Gonzales, supra*, 405 F.3d 488, 490; *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990); *Mendez-Alcaraz v. Gonzales*, *supra*, 464 F.3d at 845. There is no suggestion that the Board misunderstood the legal standard for equitable tolling; "the governing rules of law are undisputed." *Viracacha v. Mukasey*, 518 F.3d 511, 516 (7th Cir. 2008). That ends the

case, because only pure questions of law are reviewable, and not the application of a legal standard to fact, when a discretionary determination by the Board is challenged in court. *Cevilla v. Gonzales*, 446 F.3d 656, 662 (7th Cir. 2006). The alien's quarrel is with the application, not the standard. The petition for review is therefore

DISMISSED.