NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 19, 2008
Decided December 9, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2274

| | |
|---|---|
| MIHAI FEDORCA, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A71-028-071 |
| | |
| MICHAEL B. MUKASEY, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Mihai Fedorca, a citizen of Romania, petitions for review of an order by the Board of Immigration Appeals denying his motion to reconsider its decision in his removal proceedings.   The first question for us is whether we have jurisdiction to review his petition.

Fedorca entered the United States without inspection in 1990.  Five years later an immigration judge rejected his application for asylum but granted him the privilege of voluntary departure.  Fedorca did not appeal that decision, nor did he depart.  Ten

years and several intervening procedural steps later, he applied for a continuance of the proceedings based on his marriage to an American citizen. The IJ ruled that (1) Fedorca had not proved the marriage was bona fide, (2) in any event, his failure to depart made him ineligible for relief, and (3) the denial of his asylum claim was final because Fedorca never appealed it. The IJ ordered him removed, and the BIA upheld the decision for the same three reasons. Fedorca moved the BIA to reconsider, but his motion, which cited no authority and simply reiterated his earlier arguments, was denied. It is this decision we are asked to review.

Discretionary decisions by immigration authorities are immune from judicial review unless they raise "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008). Motions to reconsider are within the discretion of the BIA, 8 C.F.R. § 1003.2(a), and so are generally unreviewable, save those that present constitutional or legal questions. *Johnson v. Mukasey*, 2008 WL 4414599, at *1 (7th Cir. Oct. 1, 2008).

Fedorca has not tried to identify any legal questions. His only contention is that the BIA abused its discretion in denying his motion to reconsider because, he says, the underlying asylum hearing in 1990 was unfair. But that question has nothing to do with his motion to reconsider, in which he argued that his failures to depart and to appeal the asylum decision should not have prevented him from appealing the IJ's denial of a continuance. The BIA denied that motion because Fedorca made the same arguments on his appeal. Thus, the only conceivable legal issue is whether the BIA misread its own precedent when it rejected Fedorca's attempt to reprise his arguments. *See Huang v. Mukasey*, 534 F.3d 618, 620 (7th Cir. 2008) (explaining that a misreading of the BIA's own precedent would be a question of law subject to review). In fact, the BIA's precedent requires it to reject a motion to reconsider based on arguments that were or could have been brought earlier, *see In re O-S-G*, 24 I. & N. Dec. 56 (BIA 2006), and Fedorca does not even contend otherwise.

We therefore DISMISS Fedorca's petition for lack of jurisdiction.