NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2009[*]
Decided March 3, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2750

| | |
|---|---|
| RAUFDEEN MOHINUDEEN, | Petition for Review of an Order of the |
| *Petitioner,* | Board of Immigration Appeals. |
| | |
| *v.* | |
| | |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent.* | No. A76-766-478 |

**O R D E R**

Raufdeen Mohinudeen, a native of Sri Lanka, petitions for review of an order by the Board of Immigration Appeals denying his motion to reconsider its decision in his removal proceedings. Because this court lacks jurisdiction to review discretionary decisions by the Board, *see Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008), we dismiss the petition for lack of jurisdiction.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

At a hearing in 2006 before an Immigration Judge, Mohinudeen agreed to depart voluntarily, pay his way back, and waive his appeal in exchange for the government's assurance that it would not pursue fraud charges against him. Despite waiving his appeal, he subsequently did appeal to the BIA, claiming that the IJ erred in its earlier finding that his claims did not rise to the level of persecution for purposes of asylum or withholding of removal. After reviewing his appeal waiver, the Board dismissed the appeal for lack of jurisdiction. The Board explained that Mohinudeen had made no argument that his waiver was neither knowing or intelligent, and that the IJ's decision granting voluntary departure was administratively final. Mohinudeen did not appeal the dismissal.

Mohinudeen filed a motion to reconsider and argued for the first time that his waiver of appeal was not knowing and intelligent. The BIA denied the motion. The Board noted that Mohinudeen did not include the appropriate fee or fee waiver request within 30 days of the dismissal. (Although Mohinudeen argued that he paid the fee to the local immigration office, the Board ruled that this action did not comply with its regulations.) Even if it had accepted the motion to reconsider *sua sponte*, the Board added, the motion would be denied because Mohinudeen did not identify any material error of fact or law.

In this court, Mohinudeen mounts no argument regarding the timeliness of his motion to reconsider, asserting instead that the BIA's denial was generally an abuse of discretion. He reiterated his arguments concerning persecution in the underlying proceeding, and reasserted that the Board erred in finding his appeal waiver was knowing and voluntary.

Motions to reconsider are generally committed to the discretion of the Board. *See* 8 C.F.R. § 1003.2. Discretionary decisions by immigration authorities are immune from judicial review unless they raise constitutional claims or questions of law (i.e., a misreading of the Board's own precedent, the Board's use of the wrong legal standard, or a failure to exercise discretion), *see* 8 U.S.C. § 1252(a)(2)(D); *Johnson v. Mukasey*, 546 F.3d 403, 404 (7th Cir. 2008); *Jezierski v. Mukasey*, 543 F.3d 886, 888 (7th Cir. 2008); *Kucana*, 533 F.3d at 538, and Mohinudeen has identified no such challenge here. The Board's determination that the motion was untimely is a factual question that we may not review. *Johnson*, 546 F.3d at 404-05. To the extent that Mohinudeen also asks us to review other aspects of his earlier proceedings, those too are unreviewable because his petition is untimely as to the earlier agency decisions. *See* 8 U.S.C. § 1252(b)(1); *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006).

The petition for review is DISMISSED for lack of jurisdiction.