NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 4, 2009
Decided April 3, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1925

| | |
|---|---|
| JORGE TORRES ARREOLA,<br>*Petitioner,* | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A 44 333 202 |
| ERIC H. HOLDER, JR., Attorney General<br>of the United States,<br>*Respondent.* | |

**O R D E R**

Upon returning from a brief trip to Mexico, Jorge Torres Arreola, a lawful permanent resident of the United States, was charged with inadmissibility on the basis of a twelve-year-old marijuana conviction and placed in removal proceedings. The immigration judge granted Torres two continuances to apply for a waiver of inadmissibility, but Torres filed the application too late, and the IJ deemed it abandoned and granted voluntary departure. Torres appealed the decision to the Board of Immigration Appeals and, while the appeal was pending, filed a motion to remand, alleging that his former attorney's ineffective assistance prevented him from timely filing the application. The Board denied the motion and affirmed the IJ's decision. Because we lack jurisdiction, we dismiss the petition.

Torres became a lawful permanent resident in 1993, when he was 16 years old.  In September 1997 he was convicted on an Illinois charge of misdemeanor marijuana possession and sentenced to one year of conditional discharge.  In June 2005 Torres traveled to Mexico to visit his grandparents and when he returned to O'Hare Airport, the Department of Homeland Security charged him with inadmissibility as an alien convicted of a controlled-substance offense, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II), and placed him in removal proceedings.

Torres appeared without counsel for his initial removal hearing in February 2006, and the immigration judge granted him a continuance to find an attorney and apply for a waiver of inadmissibility.  *See* 8 U.S.C. § 1182(h).  Torres returned to immigration court in June 2006, represented by attorney Herb Elesh, and admitted that he was inadmissible because of his controlled-substance conviction.  Torres still had not filed the application for an inadmissibility waiver, so the IJ granted another continuance and scheduled a final hearing for approximately one year later.  The IJ advised Elesh to file the application at least six months before the hearing to ensure that Torres had sufficient time to be fingerprinted, and cautioned both men that he would consider the application abandoned if it was still incomplete at the next hearing.

In June 2007 Torres and Elesh appeared for the hearing, but the IJ had not received the waiver application or any supporting documentation, and Torres had not yet been fingerprinted.  Elesh reported that he had been "as diligent as [he] could be" but had been unable to reach Torres and so had just submitted the application to the DHS processing center in Texas the week before the hearing.  When the IJ asked Torres why he had lost touch with his attorney, Torres explained that he had been unable to come up with the funds for the application.  The IJ found that Torres had abandoned his waiver application, *see* 8 C.F.R. § 1003.47(c), and granted voluntary departure to Mexico.

Torres hired new counsel and appealed the decision to the Board.  He also submitted to the Board a motion to remand the case based on ineffective assistance of counsel.  Torres asserted that he had paid Elesh approximately $3,000 to represent him before the IJ and file the waiver application, but Elesh had repeatedly ignored his phone calls and failed to submit the application until it was too late.  Complying with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), *overruled by Matter of Compean*, 24 I. & N. Dec. 710 (BIA 2009), Torres informed Elesh of these allegations.  Elesh responded, denying that Torres had paid him $3,000 and insisting that he had attempted to contact Torres regarding the waiver application approximately twenty times to no avail until Torres finally "waltzed in" to his office a few weeks before the final hearing.

The Board found that the record supported Elesh's version of the events, noting that Torres had no proof of approximately half of his alleged payments, and had admitted to the IJ that he lost touch with Elesh because he could not come up with the money to file the waiver application. Accordingly, the Board found that there was insufficient evidence of ineffective assistance of counsel and denied the motion to remand. The Board also affirmed the IJ's decision to deny Torres's request for a continuance to adjudicate the waiver application.

Torres petitions for review, arguing that the Board abused its discretion by denying his motion to remand. But under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in" 8 U.S.C. § 1182(a)(2), which includes a violation of any state law "relating to a controlled substance." *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). This jurisdictional bar applies not only to the underlying removal order but also to any subsequent motion to remand, reopen, or reconsider the order. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 696 (7th Cir. 2008); *Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 683 (7th Cir. 2006); *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004). Thus, because Torres was ordered removed on the basis of a controlled-substance conviction, we lack jurisdiction to review the Board's denial of his motion to remand. Although Torres responds that § 1252(a)(2)(C) does not foreclose our jurisdiction because the IJ never reached the merits of his application for a waiver of inadmissibility, his argument misses the mark. Torres conceded at his removal hearing that his marijuana conviction qualifies as a controlled-substance offense and therefore renders him inadmissible, and the IJ ordered him removed on that basis. That is all that is required to strip us of jurisdiction under § 1252(a)(2)(C), so it is irrelevant that the IJ never reached the merits of the waiver application.[1]

Congress has crafted an exception to this jurisdictional bar, however, that would still allow us to review Torres's petition if it presents a legal or constitutional question. *See* 8 U.S.C. § 1252(a)(2)(D); *Johnson v. Mukasey*, 546 F.3d 403, 404 (7th Cir. 2008). Aware of this,

---

[1] The government argues that 8 U.S.C. § 1252(a)(2)(B)(ii), which strips federal courts of jurisdiction to review discretionary decisions by immigration authorities, also prevents us from reviewing Torres's petition. Although we have held that § 1252(a)(2)(B)(ii) precludes our review of decisions on motions to reopen, *see Kucana v. Mukasey*, 533 F.3d 534, 535-38 (7th Cir. 2008), and motions to reconsider, *see Johnson v. Mukasey*, 546 F.3d 403, 404 (7th Cir. 2008), we have not yet considered whether it applies to decisions on motions to remand. Because we independently lack jurisdiction over Torres's petition under § 1252(a)(2)(C), we save this issue for another day.

Torres attempts to "shoehorn" his ineffective assistance of counsel claim into the category of "legal or constitutional question."  *See Khan v. Filip*, 554 F.3d 681, 689 (7th Cir. 2009).  But the Board's conclusion that Torres, not his attorney, was to blame for the delinquent filing of his waiver application involved a question of fact, not law.  *See Jezierski v. Mukasey*, 543 F.3d 886, 890 (7th Cir. 2008).

DISMISSED.