**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 27, 2009[*]
Decided September 14, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1598

| | |
|---|---|
| KOTASUBBARAO BUDDHI, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A088 270 383 |
| | |
| ERIC H. HOLDER, JR., Attorney | |
| General of the United States, | |
| *Respondent*. | |

**O R D E R**

Kotasubbarao Buddhi, a citizen of India, concedes that he has remained in the United States longer than allowed, but argues that an order of a federal magistrate judge in his son's criminal case supersedes the depart-by date given to him when he entered the country. The magistrate judge's order released the son into Buddhi's custody, and Buddhi

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

argues that the order required him to remain in the United States. An Immigration Judge and the Board of Immigration Appeals rejected Buddhi's argument and the BIA rejected his motion to reconsider. He petitions for review from the denial of his motion to reconsider.

Buddhi came to the United States after his son Vikram, a graduate student at Purdue University, was indicted in federal district court. Based on several of Vikram's internet postings, the government charged him with two counts each of threatening the president, the vice-president, both men's wives, and the secretary of defense, as well as one count of threatening to damage buildings and real property. 18 U.S.C. §§ 871(a), 879(a)(2), 875(c), 844(e). Buddhi arrived in June 2006 as a nonimmigrant visitor and was issued an I-94 arrival form that gave him permission to remain in the country until September 6, 2006.

Shortly after Buddhi arrived, a magistrate judge granted bond to Vikram on the condition, among others, that Vikram remain in Buddhi's custody. In April 2007, seven months after Buddhi should have left the United States, he asked Citizenship and Immigration Services to extend his stay so he could be present at his son's trial, which was scheduled for June 2007. Buddhi's written request suggests that he did not realize he was only permitted to remain in the country until September 6, 2006. Buddhi now says that he believed he could remain until his visa expired on May 31, 2007. While the government considered Buddhi's request, Vikram was tried and the jury voted to convict on all counts. *See* Editorial, *Budhi Conviction Constitutional Threat?*, POST-TRIBUNE (Merrillville, Ind.), July 6, 2007, at A8; Andy Grimm, *Purdue Grad Student Guilty*, POST-TRIBUNE (Merrillville, Ind.), June 29, 2007, at A3. (According to the district court's docket, Vikram's sentencing is scheduled for November 11, 2009.) One month after the jury's verdict, the government denied Buddhi's request to extend his stay because he had filed the request after his authorized stay expired without explaining the delay. *See* 8 C.F.R. 214.1(c)(4).

After the government rejected Buddhi's request to extend his stay, it began removal proceedings against him. At a hearing before an immigration judge, Buddhi argued that his presence in the United States was lawful because the magistrate judge's bond order releasing Vikram into his custody obligated him to remain in the country. Although Buddhi's submission to the IJ noted his confusion over the different dates on his visa and his arrival form, the IJ did not address that issue in its order, ruling only that the magistrate judge's order could not have extended the time that the government allowed Buddhi to remain in the United States. Accordingly, the IJ found Buddhi removable.

Buddhi appealed to the BIA, which affirmed. First, the BIA agreed with the IJ that the magistrate judge's order had no bearing on Buddhi's right to remain in the United States. Next, the BIA found that the IJ did not make any procedural or due process errors, and even if it had, those errors were not prejudicial. Finally, the BIA found that Buddhi's

argument that he was permitted to remain in the country until the date his visa expired was moot because the government did not initiate removal proceedings until after May 31, 2007, the date the visa expired. Buddhi did not petition us to review the BIA's decision. Instead, he timely filed a motion to reconsider, which the BIA denied because it found no errors of fact or law in its earlier decision. In addition to reiterating the reasoning of that decision, the BIA also noted that the government's decision not to extend Buddhi's stay was unreviewable. *See* 8 C.F.R. § 214.1(c)(5) ("There is no appeal from the denial of an application for extension of stay filed on Form I-129 or I-539.")

Buddhi petitions for review of the BIA's order denying his motion to reconsider. In *Johnson v. Mukasey*, 546 F.3d 403, 404 (7th Cir. 2008), we held that we lacked jurisdiction to review the BIA's denial of a motion to reconsider, but the motion in that case, petitioner's third, had been denied as untimely. By contrast, Buddhi's motion was his first, it was timely filed, and the BIA denied it on the merits. Although we have interpreted 8 U.S.C. § 1252(a)(2)(B)(ii), to divest us of jurisdiction to review most discretionary decisions, including those often involved in the denial of a motion to reconsider or a reopen, *id.*; *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008), we retain jurisdiction to review decisions that involve a pure error of law or the denial of a constitutional right, *Johnson*, 546 F.3d at 404. Buddhi's principle argument in his motion to reconsider was that the BIA misinterpreted the magistrate judge's order; that is a question of law that we may review. *See Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009) ("Legal questions include challenges to the BIA's interpretation of a statute, regulation, or constitutional provision.")

Buddhi's contention is that the magistrate judge's order releasing his son into his custody overrode his depart-by date, but this argument rests on a misconception of our country's immigration laws. In the United States, the federal political branches have the presumptive power to determine immigration status; the courts are limited to reviewing those determinations as provided by law. *See United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542-43 (1950); *Kiyemba v. Obama*, 555 F.3d 1022, 1025-26 (D.C. Cir. 2009) (collecting cases). Buddhi has pointed to no law that would give a magistrate judge the power to extend an alien's permitted stay through a bond order regarding the alien's son. But putting aside the question whether the magistrate judge had such power, his order does not purport to exercise it. Buddhi seems to think that had he left the country as required, he would have violated the magistrate judge's order. Not so. The person in danger of violating the order if Buddhi left the country was Buddhi's son. And the remedy for that potential violation was not for Buddhi to remain in the country illegally. It was for his son to return to court and seek a modification of the bond order.

Buddhi's next argument is a challenge to the decision by Citizenship and Immigration Services to deny his request to extend his stay in the country, but neither we

nor the BIA have jurisdiction to review that decision. First, we note that Buddhi's argument rests on a misconception about the legal significance of the expiration date on his visa (May 31, 2007) and the depart-by date on his arrival form (September 6, 2006). Buddhi seems to think that the border agent who processed his arrival erred by permitting him to stay in the country for only 90 days, until September 6, rather than the full year until his visa expired. If Buddhi had been allowed to stay until his visa expired in May 2007, his request to extend his stay, submitted in April 2007, would have been timely. *See* 8 C.F.R. § 214.1(c)(4). But the border agent was not required to allow Buddhi to stay for the duration of his visa, and Buddhi's time for asking to extend his stay lapsed when his authorized stay expired in September. *See id.* The granting of a visa and the granting of admission to the United States are distinct acts undertaken by distinct agencies, the Department of State for visas and the Department of Homeland Security for admission. Accordingly, "[t]he period of visa validity has no relation to the period of time the immigration authorities at a port of entry may authorize the alien to stay in the United States." 22 C.F.R. § 41.112(a). The issuance of a visa does not guarantee admission at all. *See* 8 U.S.C. § 1201(h).

Even if Buddhi's belief that he could remain in the country until his visa expired explains his untimely request to extend his stay, the BIA and the IJ, which are part of the Department of Justice, were powerless to review the decision of CIS to deny the request. Although Buddhi could have asked CIS to reconsider its decision under 8 C.F.R. § 103.5, no agency appeal to the Department of Justice is permitted from that decision, *id.* at § 214.1(c)(5). The decision is one committed by statute to the Secretary of Homeland Security, *see* 8 U.S.C. § 1184(a)(1); 6 U.S.C. §§ 202, 557.[1] Thus, under 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review it as well. See *CDI Information Services, Inc. v. Reno*, 278 F.3d 616, 620-21 (6th Cir. 2002).

Buddhi's remaining arguments all relate to the procedures that led to his final order of removal. First, Buddhi complains that his detention by immigration authorities prevented him from seeking review of CIS's denial of his request to extend his stay. Buddhi was in custody from August 21, 2007 to August 28, 2007, which may have made it difficult to ask CIS to reconsider its decision by August 29, 2007, 30 days after the decision.

---

[1]We note that 8 U.S.C. § 1184(a)(1) actually says that "admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe," but the Homeland Security Act of 2002, expressly transferred that responsibility to the Secretary of Homeland Security, 6 U.S.C. § 202, and 6 U.S.C. § 557 commands us to read § 1184(a)(1) as if it refers to the Secretary of Homeland Security.

8 C.F.R. § 103.5.  But Buddhi's custody did not make seeking reconsideration impossible, and even if it did, untimely filing may be excused.  *Id.*  Thus, Buddhi was not prevented from asking CIS to reconsider its decision.  Buddhi also complains about the manner of his arrest and detention and that he was a victim of selective prosecution.  But we  lack jurisdiction to consider those claims.  *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (detention); *Hussain v. Keisler*, 505 F.3d 779, 783-84 (7th Cir. 2007) (selective prosecution); *Iqbal Ali v. Gonzales*, 502 F.3d 659, 665 (7th Cir. 2007) (same).

Finally, Buddhi argues, as he did in his motion to reconsider, that the IJ was biased against him and prevented him from saying everything he wanted to say, thereby denying him a full and fair hearing.  Because the denial of a full and fair hearing could constitute a denial of the constitutional right to due process, *see Bosede v. Mukasey*, 512 F.3d 946, 952 (7th Cir. 2008), we have jurisdiction to review this issue, *see Duad v. United States*, 556 F.3d 592, 595 (7th Cir. 2009).  But our review of the hearing shows that the IJ acted properly.  True, the IJ did stop Buddhi from speaking at times, but Buddhi does not point to any argument or evidence that he was not allowed to put before the IJ.  The IJ's management of Buddhi's presentation of the case demonstrates "an effort to keep the [hearing] moving, not an impermissibly biased tribunal."  *Sankoh v. Mukasey,* 539 F.3d 456, 467 (7th Cir. 2008).  And even if the IJ did err in limiting Buddhi's presentation, Buddhi could not prevail because our consideration here of each of his arguments shows that any error was not prejudicial. *See Tariq v. Keisler*, 505 F.3d 650, 657 (7th Cir. 2007).

Accordingly, we DISMISS Buddhi's petition to the extent that it challenges the decision by CIS, his detention, and his prosecution; we otherwise DENY the petition.