NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2009
Decided December 9, 2009

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1882

| | |
|---|---|
| DIMITRE DJOROV-IVANOV, <br> *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A070-123-547 |
| ERIC HOLDER, JR., Attorney General of the United States, <br> *Respondent*. | |

**O R D E R**

Dimitre Djorov-Ivanov, a native and citizen of Bulgaria, was denied asylum and withholding of deportation in 1994. In 2000, the Board of Immigration Appeals dismissed his appeal, adopting the immigration judge's reasoning that Djorov-Ivanov had not demonstrated a well-founded fear of persecution. Eight years later, Djorov-Ivanov filed a motion to reopen under the Convention Against Torture ("CAT"). The Board denied the motion as untimely. Djorov-Ivanov petitions for review, arguing that: (1) his motion to reopen should not be subject to timeliness regulations, and (2) he is *prima facie* eligible for relief under the CAT. For the following reasons, we deny the petition.

Djorov-Ivanov first argues that the Board erred in finding his motion to reopen untimely because, he contends, he "never had the opportunity to apply for relief" under the CAT. Regulations implementing the CAT did not become effective until 1999. *See* 8 C.F.R. §§ 1208.16-1208.18. Djorov-Ivanov reads one of these, 8 C.F.R. § 1208.18(b)(1), to excuse untimely motions to reopen from aliens whose proceedings were pending at the time CAT regulations went into effect in 1999 from timeliness regulations because § 1208.18(b)(1) does not itself contain a timeliness provision, a position he claims to be supported by *Kay v. Ashcroft*, 387 F.3d 664 (7th Cir. 2004).

As a threshold matter, we must consider whether we have jurisdiction to review Djorov-Ivanov's petition. The government urges us to reach the merits, but motions to reopen are within the discretion of the Board and this court may not review them unless they raise legal questions, *see* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Kucana v. Mukasey*, 533 F.3d 534, 535-38 (7th Cir. 2008), *cert. granted*, 129 S. Ct. 2075 (2009). The timeliness of a motion to reopen is generally a factual question beyond the review of the court. *See Johnson v. Mukasey*, 546 F.3d 403, 404-05 (7th Cir. 2008). But the question whether § 1208.18(b)(1) exempts Djorov-Ivanov's petition from timeliness regulations is a legal one, and thus we may review the petition.

Returning to the merits, *Kay* does not help Djorov-Ivanov. In that case, we made clear that Kay's motion to reopen under the CAT was timely because he filed it before the deportation order became final, *see Kay*, 387 F.3d at 672-73; Djorov-Ivanov, by contrast, waited eight years after his proceedings became final before filing his motion. More importantly, though, *Kay* makes clear that motions to reopen under the CAT are subject to general timeliness provisions. *See Kay*, 387 F.3d at 671-73.

Aliens are generally permitted to file one motion to reopen a deportation proceeding within 90 days of the Board's decision on appeal, when the order becomes final. 8 C.F.R. § 1003.2(c)(2). Though CAT regulations made a limited exception for aliens whose proceedings became final before the regulations went into effect in 1999, *see id.* § 1208.18(b)(2), no additional exceptions were made for motions to reopen under the CAT, *see id.* §§ 1208.16-1208.18 (regulations implementing the CAT). And contrary to Djorov-Ivanov's assertion that he never had a chance to apply for relief under the CAT, Djorov-Ivanov could have filed a motion to reopen under the CAT at any time after the regulations went into effect in 1999, during the pendency of his appeal to the Board. *See* 8 C.F.R. §§ 1208.18(b)(1), 1003.2(c)(4); *Kay*, 387 F.3d at 671-72. Once the Board affirmed and the deportation order became final on August 2, 2000, Djorov-Ivanov had an additional 90 days to file his motion to reopen—until October 31, 2000. He failed to do so and lost his opportunity.

While the CAT regulations do not, as Djorov-Ivanov urges, create any special exception to timeliness regulations, a general exception for motions to reopen does exist for "changed circumstances arising in the country of nationality."  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C).  But Djorov-Ivanov did not allege changed country conditions in his motion to reopen, and he concedes on appeal that he doesn't seek to prove changed country conditions.

Djorov-Ivanov also contends that his motion to reopen should be granted because he has presented a *prima facie* case for relief under the CAT.  But the Board denied the motion on timeliness grounds, noting only in passing that Djorov-Ivanov had not demonstrated a *prima facie* case for relief.

Because the Board did not abuse its discretion when it found Djorov-Ivanov's motion untimely, the petition for review is DENIED.