In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 18-1105, 18-2348

JOHN E. SPARRE,

*Petitioner,*

*v.*

UNITED STATES DEPARTMENT OF LABOR, ADMINISTRATIVE REVIEW BOARD,

*Respondent,*

and

NORFOLK SOUTHERN RAILWAY CO.,

*Intervening Respondent.*

_____

Petitions for Review of
Orders of the United States Department of Labor.
Nos. 2016-FRS-00038 & 18-022

_____

ARGUED NOVEMBER 28, 2018 — DECIDED MAY 10, 2019

_____

Before ROVNER, HAMILTON, and BRENNAN, *Circuit Judges*.

BRENNAN, *Circuit Judge*. John Sparre, a locomotive engineer who previously worked for Norfolk Southern Railway

Company, challenges the final orders and judgments entered in his lawsuit asserting violations of the Federal Railroad Safety Act, 49 U.S.C. § 20109. This case involves two appeals: one from the entry of summary judgment by an administrative law judge (No. 18-1105), and one from the dismissal of Sparre's case by the Administrative Review Board (No. 18-2348). Because Sparre failed to timely exhaust his administrative remedies before appealing to this court, we deny his petition for review of No. 18-1105 for lack of jurisdiction. We affirm the Board's final decision in No. 18-2348 on the merits dismissing Sparre's appeal.

## I.

Sparre began working for Norfolk Southern Railway Company ("Norfolk") as a locomotive engineer in 1999. In March 2010, he reported a safety violation to the Federal Railroad Administration, which resulted in the assessment of an $8,000 civil penalty against his employer. In November 2014, Norfolk terminated Sparre for, among other things, excessively exceeding the speed limit while operating a locomotive. Sparre then filed a complaint with the Occupational Safety and Health Administration ("OSHA") alleging Norfolk fired him in retaliation for reporting the safety concern in 2010, which would violate the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"). Upon concluding its investigation, OSHA found Sparre's complaint had no merit and dismissed the matter.

Under the FRSA and its implementing regulations, Sparre requested a hearing on the record before an administrative law judge. 49 U.S.C. § 20109(d)(2)(A) (citing 49 U.S.C. § 42121(b)(2)(A)); 29 C.F.R. § 1982.106(a). The parties engaged in years-long, extensive discovery. On November 14, 2017, the

ALJ found there were no genuine issues of fact in dispute and granted Norfolk's motion for summary decision.[1] Specifically, the ALJ held that Sparre presented no evidence showing Sparre's protected activity (reporting the safety violation in 2010) was a contributing factor in Norfolk's decision to fire him, or that there was any "temporal proximity" between the two events. The ALJ's decision contained instructions to petition for review, including the 14-day timeline, which was mailed to Sparre and his attorneys that same day.

Thirty days later, on December 14, 2017, Sparre appealed the ALJ's entry of summary decision to the Administrative Review Board. Without waiting for the Board to decide whether to accept his untimely appeal, Sparre filed a petition for review of the ALJ's decision directly with this court, docketed as No. 18-1105.

The Secretary of Labor moved to dismiss No. 18-1105 for lack of jurisdiction because Sparre failed to timely exhaust his administrative remedies before appealing directly to this court. This court declined to take up the case and instead remanded it to the Board for the limited purpose of ruling on Sparre's December 14 petition for review. The Board found that Sparre's petition was untimely and he was not entitled to equitable tolling. *See* 29 C.F.R. § 1982.110(a). Based on these findings, the Board issued a final order affirming the ALJ's decision and dismissing Sparre's appeal.

---

[1] In cases before an administrative law judge, the standard for summary decision is analogous to the standard developed under Rule 56 of the Federal Rules of Civil Procedure. *Fredrickson v. The Home Depot, U.S.A., Inc.*, ARB No. 07-100, slip op. at 5 (ARB May 27, 2010).

Sparre filed a second appeal—this time, a timely petition for review of the Board's decision, docketed with this court as No. 18-2348. As a final order of the Secretary, this court has jurisdiction to review the Board's decision that Sparre appeals in No. 18-2348. 49 U.S.C. § 20109(d)(4); 29 C.F.R. § 1982.112(a). We address only No. 18-2348 on appeal.

## II.

Judicial review under the Federal Railroad Safety Act is governed by the standard set forth in the Administrative Procedures Act, 5 U.S.C. § 706(2); *see Roadway Exp., Inc. v. U.S. Dept. of Labor*, 612 F.3d 660, 664 (7th Cir. 2010). The Board's decision to dismiss an appeal as untimely may be set aside only if arbitrary and capricious, *Bensman v. U.S. Forest Serv.*, 408 F. 3d 945, 963 (7th Cir. 2005), while its decision to deny equitable tolling is reviewed for abuse of discretion. *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (citations omitted).

### A. Dismissal of Untimely Appeal

An employee alleging retaliation in violation of the FRSA must exhaust administrative remedies by filing a complaint with the Secretary within 180 days of the violation. 49 U.S.C. 20109(d)(2)(A)(ii); 29 C.F.R. 1982.103(d). The Secretary delegates responsibility for investigating retaliation claims to OSHA, and either party may file objections to OSHA's determination within 30 days and request a hearing on the record before an ALJ. 49 U.S.C. 42121(b)(2)(A); 29 C.F.R. 1982.106(a). After the ALJ issues a decision, any party seeking further review, "including judicial review," must file a petition for review with the Board within 14 days. 29 C.F.R. 1982.110(a). If the Board accepts the case for review, the Board's order—not

the ALJ's decision—is the final order of the Secretary and is reviewable in a federal court of appeals. 49 U.S.C. 20109(d)(4).

The arbitrary and capricious standard is a "narrow" standard of review under which an agency must "examine the relevant data and articulate a satisfactory explanation for its action," *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009) (citation omitted), "including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation omitted). In dismissing Sparre's appeal, the Board reviewed the above regulatory timeline and the facts surrounding Sparre's untimely filing. As the Board acknowledged, the FRSA and its implementing regulations require that a petition for review "be filed within 14 days of the date of the decision of the ALJ." 29 C.F.R. § 1982.110(a). The Board noted that 14 days from the date of the ALJ's decision was November 28, 2017. Attached to the ALJ's decision were complete instructions for filing a petition for review that repeated the regulatory 14-day deadline and cited the governing regulatory provisions. Despite the governing regulations and the ALJ's decision with directions that a petition for review be filed by November 28, Sparre did not file his appeal until December 14, 2017—over two weeks past the filing deadline.

After reviewing Sparre's timeline, including his failure to submit his petition by the required deadline, the Board concluded: "Pursuant to 29 C.F.R. § 1982.110(a), Sparre's petition for review was untimely." *Sparre v. Norfolk S. Ry. Co.*, ARB No. 18-022, ord. at 2 (ARB May 31, 2018). The Board articulated, based on the relevant facts and regulations, its reasons for finding that Sparre missed the deadline. The Board cabined

its analysis to the facts Sparre presented, and matched those facts to the deadline requirements under the FRSA—the law under which Sparre chose to sue Norfolk—and its implementing regulations. In contrasting Sparre's 30-day timeline to the regulatory 14-day deadline, it was rational for the Board to conclude that Sparre missed the filing date by 16 days, and that his appeal was, thus, late. Ultimately, the Board explained, as it has many times before in similar cases, that the deadline simply was not met.

When the Board articulates a satisfactory explanation for finding an appeal untimely, based on its examination of the relevant facts and law—as it has here—its decision is neither arbitrary nor capricious. We agree with the Board's decision to dismiss Sparre's petition as untimely.

## B. *Denial of Equitable Tolling*

The 14-day period for filing a petition for review under the FRSA regulations is not jurisdictional and therefore is subject to equitable tolling. *Bohanon v. Grand Trunk W. R.R. Co.*, ARB No. 16-048, slip op. at 3 (ARB Apr. 27, 2016). This court has held that the doctrine of equitable tolling "creates a defense to statutes of limitations and other nonjurisdictional filing deadlines for cases in which, despite due diligence, the plaintiff cannot sue within the statutory deadline … ." *Yuan Gao v. Mukasey*, 519 F.3d 376, 377 (7th Cir. 2008). In this circuit, "[e]quitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs.*, Inc., 782 F.3d 922, 930 (7th Cir. 2015) (quoting *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citations omitted). The plaintiff bears the burden of showing he "diligently" pursued the claim and "some extraordinary

circumstances" prevented him from filing his complaint within the statute of limitations. *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016).

The Board has recognized four principal situations in which equitable tolling may apply: (1) when the opposing party has actively misled the movant about the cause of action; (2) when the movant has in some extraordinary way been prevented from filing his or her appeal before the Board; (3) when the movant has raised the precise statutory claim in issue but has done so in the wrong forum; and (4) when the opposing party's own acts or omissions have lulled the movant into forgoing prompt attempts to vindicate his rights. *Bohanon*, ARB No. 16-048, slip op. at 3 (citation omitted).

Sparre does not argue that Norfolk or the Board actively misled him on his claims; that his cause of action was raised in the wrong forum; or that Norfolk distracted him from filing an appeal. Sparre admits he missed the filing deadline, but claims he had been prevented in some extraordinary way from filing his action within the statute of limitations. Attempting to prove extraordinary circumstances existed, Sparre presented the Board with a "smorgasbord of arguments": the ALJ issued the decision too quickly and unannounced; the Board was confused about the appropriate limitations period; Sparre's attorney mistakenly assumed he had 30 days to appeal; he and each of his three attorneys were traveling or otherwise out of the office; he and his attorneys had medical issues and were generally "busy with other matters"; and neither he nor his attorneys were expecting the ALJ to issue a final decision during the Thanksgiving holiday. *See Sparre*, ARB No. 18-022, ord. at 4.

The Board determined that despite his "laundry list of excuses," *id*. at 5, Sparre failed to show extraordinary circumstances. As an initial matter, the Board rejected Sparre's unsupported contention that error or neglect on the part of Sparre and his attorneys constitutes an extraordinary event. The Board has recognized that parties represented by counsel are ordinarily not entitled to equitable tolling. *See Brown v. Synovus Fin. Corp.*, ARB No. 17-037, slip op. at 3 (ARB May 17, 2017). An attorney practicing before the Board is expected to familiarize himself with the applicable regulations. *Bohanon*, ARB No. 16-048, slip op. at 3-4; *see also Sysko v. PPL Corp.*, ARB No. 06-138, slip op. at 5 (ARB May 27, 2008) (counsel is "presumptively aware of whatever legal recourse may be available to [his or her] client") (citation omitted). This includes knowing not only "that there are such things as statutes of limitations," but also when they toll. *Arteaga v. United States*, 711 F.3d 828, 834 (7th Cir. 2013). Sparre gains no benefit from claiming ignorance of his attorneys' negligence because "[u]ltimately, clients are accountable for the acts and omissions of their attorneys." *Higgins v. Glen Raven Mills, Inc.*, ARB No. 05-143, slip op. at 9 (ARB Sept. 29, 2006); *see also Arteaga*, 711 F.3d at 835 (extraordinary event for equitable tolling purposes "cannot be premised on the incompetence of the plaintiff's lawyer").

The Board considered the extent of Sparre's attorneys' negligence and noted "it is simply not credible that none of [Sparre's attorneys] could have spared the fifteen minutes it would have taken" to request a time extension for filing. *Sparre*, ARB No. 18-022, ord. at 6. Such "garden variety" neglect displayed by Sparre's attorneys fails to meet the extraordinary standard for tolling the limitations period. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (Equitable

tolling principles do not apply to "what is at best a garden variety claim of excusable neglect."); *see also Bohanon*, ARB No. 16-048, slip op. at 3-4 (rejecting parties' reliance on "excusable neglect" to meet extraordinary circumstances standard in pursuing equitable tolling on FRSA appeal). Even when taken together, the instances of neglect here (mistakenly assuming the filing deadline was 30 days instead of 14, missing the deadline due to travel, medical reasons, or being "busy with other matters," not expecting the ALJ's decision to issue over a holiday), are "nothing but ordinary" and do not add up to an extraordinary circumstance. *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016) (finding Petitioner's excuses, even when combined, did not rise to the level of "extraordinary" required for equitable tolling because all instances were "common parts of prison life"); *see, e.g., Irwin*, 498 U.S. 89 (finding no extraordinary circumstances when Petitioner's lawyer missed the filing deadline because he was out of his office at the time the EEOC notice was received, despite Petitioner filing within 30 days of the day on which he personally received notice).

As we review the denial of equitable tolling for an abuse of discretion, we examine whether the Board's reasoning was sound and supported. *See Carpenter*, 840 F.3d at 870 (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013); *see also Simms*, 595 F.3d at 781 (lower court's "reasoning [was] sound" on abuse of discretion review); *Roadway*, 612 F.3d at 664 (ARB decisions upheld if "supported" by evidence that "a reasonable mind might accept as adequate to support the conclusion") (citation omitted). In analyzing whether Sparre diligently pursued his claims and could show extraordinary circumstances for equitable tolling, the Board relied on the evidence that Sparre presented and matched that evidence

against the required regulatory timeline under the FRSA. The Board limited the scope of its analysis to Sparre's timely filing and equitable tolling claims, as this court requested. The Board took into account the extensive and lengthy intra-agency appeals process in this case, which spanned three years of substantial discovery with several depositions, lengthy mediation, and multiple rounds of briefing. In its final order, it applied its own existing precedent, as well as binding decisions of the Supreme Court of the United States and this circuit. Given its sound and supported reasoning, the Board did not abuse its discretion in denying Sparre's request for equitable tolling. Sparre simply failed to meet the filing deadline and has failed to produce evidence he is entitled to a timing extension.

Sparre has not shown that an extraordinary circumstance existed that would trigger equitable tolling of the filing deadline. For these reasons, we DENY Sparre's petition for review, and AFFIRM the Board's dismissal of his petition.