NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2020
Decided July 27, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 14-2896

| | |
|---|---|
| DOROTHY PERKINS, for the Estate of Alice Perkins, Deceased, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 5226 |
| MEGAN J. BRENNAN, Postmaster General, and UNITED STATES OF AMERICA, *Defendants-Appellees*. | Thomas M. Durkin, *Judge*. |

**O R D E R**

Invoking the Rehabilitation Act of 1973, 29 U.S.C. § 794, Dorothy Perkins sued the United States and the United States Postal Service after her mother died from a heart attack while at work. The district court dismissed her claim, ruling that it was untimely because Perkins had not exhausted her administrative remedies. Perkins's central argument on appeal is that the limitations period should be equitably tolled because the Postal Service failed to provide her with documents that she requested. But

Perkins did not need those documents to exhaust and her mother did not initiate administrative charges herself, so we affirm.

About a year after her mother, Alice, died from a heart attack on the job at the post office on July 24, 2012, Perkins sued the U.S. Postal Service for "wrongful death." The two had worked together for several years at a mail distribution center in Illinois. Perkins alleged that the Postal Service knew that Alice suffered from "work related stress"; that as a result of the stress, she was receiving "medical treatment" to address "long-term" and "ongoing" workplace harassment from a coworker; that she and her mother talked about this harassment on the morning of her heart attack; that the heart attack resulted from an "intense verbal altercation" with the coworker; and that the Postal Service negligently failed to follow an emergency protocol that would have prevented Alice's death.

Perkins amended her complaint two months later to plead a claim under the Rehabilitation Act for disability discrimination. (She also repleaded her wrongful-death claims—purportedly against the United States—and added a Title VII claim. These were later dismissed, and Perkins does not challenge their dismissal.) Before amending her complaint, she left a voicemail at the Postal Service's Equal Employment Opportunity Office in September 2013 about the new claim. Without waiting for a response from that office, she filed the amended complaint, which alleged that the Postal Service had violated the Act by ignoring Alice's "multiple pleas for relief" from the harassment and failing to reasonably accommodate her resulting illnesses. After she amended, she received letters from the EEO office denying her efforts to initiate administrative charges on Alice's behalf as untimely.

The Postal Service moved to dismiss the Rehabilitation Act claim and, in the alternative, asked for summary judgment. It argued that Perkins lacked standing, failed to exhaust properly, and alleged insufficient facts. To support its exhaustion defense, the Postal Service attested that its EEO office had no record of any contact concerning Alice until Perkins left her voicemail in September 2013. Perkins had three responses. First, Alice had brought complaints of discrimination "to the attention of USPS union officials" and "was not aware of any other effective means of redress." Second, the EEO process "would not have appealed to" Alice if she had known about it because she would have feared retaliation. Third, the time to contact the EEO should be equitably tolled because the Postal Service had never provided Perkins with internal reports detailing the circumstances of Alice's death. Perkins added that Alice had suffered from mental-health issues, asthma, anxiety, and diabetes.

The judge dismissed the complaint. He concluded that Perkins had standing to bring the Rehabilitation Act claim but that the suit was untimely because Perkins waited more than a year after her mother's death to initiate contact with an EEO counselor. The complaint also failed to state a claim because though Perkins alleged that her mother was ill with stress, she did not allege how her illness qualified her as disabled under the Act.

As a threshold issue, the Postal Service maintains that Perkins does not have standing to bring a claim on her mother's behalf. First, it observes that the EEOC does not permit a deceased employee's estate to initiate the process of exhausting a discrimination claim that the employee could have initiated while alive. *See, e.g., Estate of Krinsky v. Potter*, No. 0120070431, 2007 WL 715558 (E.E.O.C. Mar. 2, 2007); *Estate of Anderson v. Potter*, No. 01A33998, 2003 WL 22288515 (E.E.O.C. Sept. 23, 2003). Second, it cites two district-court orders dismissing employment-discrimination claims for failure to exhaust where the deceased employee's estate sought to litigate claims that the employee did not initiate administratively while alive. *See Hardy v. Powell*, 314 F. Supp. 3d 359, 364 (D.D.C. 2018); *Wright ex rel. Wright v. United States*, 914 F. Supp. 2d 837, 842 (S.D. Miss. 2012). But the EEOC's policy does not bind this court. *See, e.g., O'Neal v. City of New Albany*, 293 F.3d 998, 1009 (7th Cir. 2002). And this authority suggests that the real issue with a representative trying to initiate an administrative claim on behalf of a decedent is a failure to timely exhaust, so we turn to exhaustion and how the parties formulate it.

The principal issue in this appeal is whether Alice's Rehabilitation Act claim was timely exhausted. If postal workers do not timely exhaust administrative remedies before bringing claims under the Rehabilitation Act, those claims are time-barred. *See Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996). Exhaustion requires two steps: initiating precomplaint counseling with an EEO counselor at the Postal Service within 45 days of the challenged action and timely filing a formal EEO complaint at the Postal Service. 29 C.F.R. § 1614.105(a); *Miller,* 77 F.3d at 191.

In rare cases the doctrine of equitable tolling may permit a claim that would otherwise be untimely to proceed. *See, e.g., Madison v. U.S. Dep't of Labor*, 924 F.3d 941, 946–47 (7th Cir. 2019). The plaintiff bears the burden of showing that though she "diligently" pursued her claim, "extraordinary circumstances" beyond her control prevented her from acting timely. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016); *Sparre v. U.S. Dep't of Labor*, 924 F.3d 398, 402–03 (7th Cir. 2019). In discrimination cases courts have applied equitable tolling when a plaintiff

made a good-faith error, such as timely filing in the wrong court, *see, e.g.*, *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001), or when a plaintiff, acting diligently, could not obtain information necessary to learn that she had a claim within the statutory period, *see Jones v. Res-Care*, 613 F.3d 665, 670 (7th Cir. 2010). We review decisions denying equitable tolling for abuse of discretion. *See Sparre*, 924 F.3d at 401.

The district court reasonably concluded that equitable tolling is not warranted in this case. First, while Alice was alive, she inexcusably failed to contact an EEO counselor about the discrimination she experienced. According to Perkins, that discrimination was "ongoing," "long-term," and produced "work related stress," but Alice never mentioned it to an EEO counselor. Perkins's explanations for that inaction are insufficient to warrant tolling. In the district court, she argued that Alice thought that she could exhaust by talking to her union representatives. A litigant's ignorance of the correct EEO procedures, however, does not entitle her to equitable tolling if she could be reasonably expected to know about them. *See Johnson v. Runyon*, 47 F.3d 911, 918 (7th Cir. 1995). Alice was a long-time employee at the post office, so the judge could reasonably infer that she knew about workplace remedies and procedures.

Perkins also argued that proper exhaustion "would not have appealed to [Alice]" because of a fear of retaliation. But that fear does not excuse failing to exhaust because the law provided Alice with a remedy for retaliation. *See* 29 U.S.C. § 794a; *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). And Perkins noted that her mother suffered from a variety of mental and physical illnesses. But she did not explain how they disabled Alice from properly exhausting.

Finally, at oral argument Perkins suggested that while her mother was alive, she could not have brought her claim that the Postal Service failed to accommodate her medical needs to an EEO counselor. But this argument was not briefed and, in any event, is unsupported.

Moreover, even if the district court should have excused Alice's failure to contact an EEO counselor, Perkins needed to provide a good explanation for why *she* waited over a year after Alice's death to initiate contact. She offers one reason: The Postal Service withheld its internal reports about her mother's death, preventing her from learning that it had failed to accommodate her mother's disabilities. She observes that 29 C.F.R. § 1614.105(a)(2) authorizes extending the limitations period for initiating contact if the claimant "did not know … that the discriminatory matter or personnel action occurred." Without the details in those reports, she argues, she did not know that the Postal Service had violated the Rehabilitation Act.

But Perkins's desire for the reports does not excuse her failure to contact an EEO counselor within 45 days of Alice's death. In her complaint Perkins alleged that the Postal Service ignored Alice's "stress," which arose from unremediated harassment and required medical treatment, and that the two talked about this problem on the date of her mother's death. Because Perkins was aware on September 24, 2012, of the facts on which she now bases her current claims of discrimination and failure to accommodate, the judge reasonably concluded that she did not need to wait over a year to contact an EEO counselor. Moreover, when Perkins called the Postal Service's EEO office in September 2013 to complain about the Postal Service's discrimination against Alice and its failure to accommodate her disabilities, she still had not received the reports she wanted. Thus, she was able to make that call (and even amend her federal complaint to allege the Rehabilitation Act claim) *without* the documents that she now says she needed to know that her mother had those claims. Based on these facts, the district court did not abuse its discretion by refusing to toll the limitations period.

AFFIRMED