## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2021[*]
Decided August 18, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1140

GENE KATZ,
    *Petitioner*,

    *v.*

UNITED STATES DEPARTMENT OF
LABOR, ADMINISTRATIVE REVIEW
BOARD,
    *Respondent*,

    *and*,

UL LLC,
    *Intervening Respondent*.

Petition for Review of an Order of the
United States Department of Labor.

No. 2021-0006

## O R D E R

Gene Katz believes his former employer, intervening respondent UL LLC, fired him for blowing the whistle on its alleged illegal business practices. He filed a complaint under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, with the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Department of Labor's Occupational Safety and Health Administration (OSHA), which found that UL LLC was not covered by the Act and dismissed Katz's complaint. After that finding was upheld by an administrative law judge, Katz asked the Department of Labor's Administrative Review Board to review the decision, but the Board dismissed his appeal as untimely. Finding no error in the Board's decision as to the timeliness of Katz's administrative appeal, we deny his petition for review.

Katz began working for UL LLC in January 2017, but he soon became concerned about illegal activity, including monopolistic pricing, foreign corruption, and breaches of fiduciary duty. He reported those concerns internally and to the government. UL LLC terminated his employment in January 2018.

Believing UL LLC had retaliated against him for protected activity, Katz filed a complaint with OSHA under the Sarbanes-Oxley Act, which protects whistleblowers employed by public companies (and their contractors and subcontractors) who expose certain types of corporate wrongdoing. *See* 18 U.S.C. § 1514A; *Lawson v. FMR LLC*, 571 U.S. 429, 432–33 (2014). OSHA determined that UL LLC, a private company, was not a covered employer, so the Act did not protect Katz.

Katz appealed to an ALJ, but the ALJ agreed with OSHA and dismissed Katz's petition. The decision, issued September 30, 2020, included a notice of appeal rights informing Katz that he had 14 days from the date of the decision to petition the Administrative Review Board for review. *See* 29 C.F.R. § 1980.110(a). The decision also contained a service sheet certifying that the decision was served on Katz that same day via the email address he had used throughout the proceedings.

According to Katz, he did not receive the email, and he did not learn that his case had been dismissed until after the 14-day appeal period had expired. On October 6, Katz asked the ALJ to lift a stay on discovery. On October 15, the ALJ replied that she no longer had jurisdiction over the case because she had dismissed it. Six days later—21 days after the ALJ's dismissal—Katz filed a petition for review with the Board.

UL LLC filed a motion to dismiss the petition as untimely, which the Board granted. The Board concluded Katz had not filed the petition within the 14-day window or shown that he was entitled to equitable tolling. It reasoned that Katz's explanation for his tardiness—someone "mysteriously kept" the ALJ's decision from his email inbox—did not establish extraordinary circumstances that prevented him from timely filing because the certificate of service confirmed that the ALJ sent the document to the

correct email address. Katz also had not shown diligence in pursuing his appellate rights. The ALJ's decision was publicly available online, so Katz could have obtained a copy by monitoring the website. And, even after receiving the ALJ's reply to his discovery request, alerting him to the dismissal, Katz waited six days before appealing.

Katz timely petitioned for review in this court. We will uphold the Board's decision so long as it was not arbitrary, capricious, or contrary to law. *See Madison v. U.S. Dep't of Lab.*, 924 F.3d 941, 946 (7th Cir. 2019) (citing 5 U.S.C. § 706(2)(A)). We do not substitute our judgment for the agency's; we ask only whether the agency "examine[d] the relevant evidence and articulate[d] a satisfactory rationale." *Id.*

Katz first argues that his petition for review was timely because he filed it within 14 *business* days of the ALJ's decision. This argument is a non-starter. Katz relies on a Board decision that references an outdated version of the applicable regulations, which contained an appeal deadline of 10 business days. *See Dampeer v. Jacobs Eng'g Grp., Inc.*, No. 12-006, 2011 WL 7142058, at *1 (ARB Dec. 5, 2011). OSHA changed the deadline from 10 business days to 14 days in 2015, explaining that the new version was consistent with deadlines for other types of filings, "which are also expressed in days rather than business days." *See* Procedures for the Handling of Retaliation Complaints Under Section 806 of the Sarbanes-Oxley Act of 2002, as Amended, 80 Fed. Reg. 11865-02, 11875 (Mar. 5, 2015). The Board appropriately applied the current regulations, *see* 29 C.F.R. § 1980.110(a) (2020), and correctly concluded that Katz's petition was late.

Citing *Henrich v. Ecolab, Inc.*, No. 05-030, 2007 WL 1578490, at *3 (ARB May 30, 2007), Katz also argues that the Board should have accepted his petition given his pro se status because he filed it within a "reasonable time." But *Henrich* involved the timeliness of a motion to reconsider, not a petition for review, and the Board explained that it could consider such motions filed within a "reasonable time" because "statutory or regulatory authority [was] not to the contrary." *Id.* at *3. Here, regulatory authority specifies that petitions for review must be filed within 14 days. 29 C.F.R. § 1980.110(a).

Next, Katz argues that the Board should have granted him the benefit of equitable tolling. Because the 14-day appeal deadline is not jurisdictional, the Board can "pause" the running of a statute of limitations if a litigant proves that he diligently pursued his appellate rights but "extraordinary circumstances" outside his control prevented him from filing a timely appeal. *Xanthopoulos v. U.S. Dep't of Lab.*, 991 F.3d 823, 831–32 (7th Cir. 2021). We review the Board's decision to deny Katz the benefit of equitable tolling for abuse of discretion. *Madison*, 924 F.3d at 946.

In his opening brief, Katz asserts three reasons why his case presents extraordinary circumstances. First, he continues to press that he did not receive the ALJ's order by email on September 30 and now urges that the ALJ should have served the order by mail. Next, he says the October 6 letter about reopening discovery should have alerted the ALJ and UL LLC's counsel that he had not received the decision, so they should have informed him of it sooner than the ALJ's October 15 response. Finally, Katz argues the letter could be seen as an improperly executed attempt to appeal.

The Board did not abuse its discretion. As the Board reasonably articulated, no evidence contradicts the ALJ's certification that the decision was served on the day it was issued to the email address that Katz used throughout the proceeding. Agency regulations authorize service by email, *see* 29 C.F.R. § 18.30(a)(2)(ii)(E), and as of April 2020, the Department of Labor announced that, in response to the COVID-19 pandemic, it would not serve decisions by mail if the parties had email addresses on file, as Katz did. U.S. DEP'T OF LAB., OFFICE OF ADMIN. LAW JUDGES, *Implementation of Electronic Service During COVID-19 Pandemic*, 2020-MIS-00007 (Apr. 16, 2020), https://www.dol.gov/agencies/oalj/COVID_19_AND_HEARINGS. Still, parties are expected to monitor their emails even when service by mail is required, *see Madison*, 924 F.3d at 948, and Katz's vague suggestion that someone must have prevented the email from reaching his inbox lacks both credibility and support. Indeed, Katz regularly corresponded with the court via email during this time without incident.

Further, while Katz contends that UL LLC "misled" him by failing to tell him that the ALJ had dismissed the case after he filed his October 6 letter, inaction is not deception. Neither opposing counsel nor the ALJ was under any obligation to inform Katz of a decision that, as far as they knew, already was sent to his email. *See Sparre v. U.S. Dep't of Lab., Admin. Rev. Bd.*, 924 F.3d 398, 403 (7th Cir. 2019) (noting that equitable tolling may be warranted where movant was "actively misled").

Finally, Katz never argued to the Board that his October 6 letter should be construed as a petition for review, so the Board did not abuse its discretion by failing to do so. Even if he had, agency regulations require that, in their petitions for review, parties identify "the legal conclusions or orders to which they object, or the objections may be deemed waived." 29 C.F.R. § 1980.110(a). The letter made no mention of the basis for the ALJ's dismissal—that UL LLC was not a covered employer.

For the first time in his reply brief, Katz asserts that the COVID-19 pandemic posed an extraordinary circumstance warranting equitable tolling. He waived this argument twice over by failing to raise it before the Board or in his opening brief in this court. *See Guzman-Rivadeneira v. Lynch*, 822 F.3d 978, 982–83 (7th Cir. 2016); *Wonsey v. City of Chicago*, 940 F.3d 394, 398–99 (7th Cir. 2019). And, regardless, he does not explain why the pandemic prevented him from filing a timely appeal, given that he filed other documents electronically without incident around the same time.

Katz also argues that he exercised due diligence in pursuing his appeal, but the Board adequately supported its contrary finding. It noted that, even assuming Katz's story about the missing email was true, he did not act immediately when he learned of the decision from the court's October 15 letter, but rather waited six days to appeal. The Board had discretion to conclude that delay showed Katz was insufficiently diligent. *See Madison*, 924 F.3d at 949 (concluding that a 10-day delay in filing petition for review after receiving ALJ decision was "inconsistent with due diligence").

Katz next contends that the Board procedurally erred by allowing UL LLC to move to dismiss despite issuing a scheduling order saying the parties needed permission to file additional briefs and denying him an opportunity to respond to the motion. But the scheduling order permitted the parties to file motions. And Katz chose to file an opening brief instead of a direct response to UL LLC's motion; he addressed the timeliness arguments in his brief's jurisdictional statement. The Board considered Katz's arguments about the missing email, but it simply did not agree that they showed Katz deserved equitable tolling.

Finally, Katz raises arguments about UL LLC's supposedly fraudulent conduct throughout the litigation. But even if we accepted Katz's wholly unsupported allegations, none of them suggest that UL LLC interfered with his ability to file a timely appeal. Therefore, these arguments have no bearing on this appeal.

For these reasons, we DENY Katz's petition for review and AFFIRM the Board's dismissal of his petition.